## SUPREME COURT.

WALTER EVANS & CYRUS NEWTON, appellants, agt. WILLARD
BURBANK, respondent.

When the *adverse party* is offered as a witness, under § 399 of the Code, his
*testimony* must be confined to the *subject-matter upon which the assignor
may have been examined;* and is required to be responsive, or at least relative
to that examination. (*This agrees with Potter* agt. *Bushnell,* 10 *How. Pr.
R.* 96; *and Carpenter* agt. *Secor,* 11 *id.* 403.)

*Eighth District, Erie General Term, Jan.,* 1856.
BOWEN, P. J., MULLETT and GREENE, *Justices.*

THIS is an appeal from a judgment of the county court of
Allegany county, reversing a judgment of a court of a justice
of the peace, on appeal by the defendant in the justice's court.

The action before the justice was brought against Burbank
to recover damages on account of his failing to build a steam
saw-mill, in a proper manner, according to his agreement with
one William M. Truman, and which had been assigned to the
plaintiffs.

The defendant, by his answer, denied every allegation in the
complaint; and further set up a performance on his part. Upon
the commencement of the trial, the plaintiffs called the said
William M. Truman, the assignor of the contract to them, as a
witness on their behalf, who testified that he made the agree-
ment with the defendant, to build a steam saw-mill—said mill
to be built according to Snell's plan for putting up the steam
apparatus. That the mill was completed the 11th day of June,
1851. That some time in September thereafter, he, the wit-
ness, sold all his right and title to the *mill* to Cyrus Newton,
one of the plaintiffs; and all his claim for damages against the
defendant, in consequence of the mill not running well, to these
plaintiffs.

Afterwards, in the course of the trial, Willard Burbank, the defendant, was sworn in his own behalf, and after stating that he made the contract with Truman for the building of the mill, was proceeding to state that he went on and built what he called a good mill, and that he built it according to the irons, when the counsel for the plaintiffs objected to the testimony, on the ground that Truman, the assignor, had not been examined as to those matters. The counsel for the defendant then offered to prove by him, " *that the work was well done, and that the mill was a good mill, and run well in all respects.*" This evidence, on the motion of the plaintiffs, was excluded by the justice, who, after receiving some further testimony on other facts, rendered a judgment for the plaintiffs for $50 damages, and $5 costs, amounting in the whole to $55.

ANGEL & STANTON, *for appellants*
GROVER & SIMONS, *for respondent.*

By the court—MULLETT, Justice. The only error in the proceedings before the justice, complained of in the county court, was his rejection of the evidence offered to be given by Willard Burbank, the defendant, in his own behalf.

This was an action to recover damages of Burbank, for improperly performing a contract to build a steam saw-mill. The contract was made between Burbank and one William M. Truman, and had been assigned by Truman to the plaintiffs. Truman, the plaintiffs' assignor, had been examined as a witness in their behalf, and had testified, in substance, that he made a contract with Burbank, the defendant, for building the mill. That the mill was to be built according to Snell's plan for putting in the steam apparatus; that the defendant was to make a good mill; that the mill was completed the 11th day of June, 1851; that some time in September thereafter, he, the witness, sold his right and title to the *mill* to Cyrus Newton, one of the plaintiffs; and all his claim against the defendant for damages in consequence of the mill not running well, to the plaintiffs jointly. Thereupon Burbank, the defendant, offered himself

Evans & Newton agt. Burbank.

as a witness in his own behalf, and proposed to testify that the mill was a good mill, that the work was well done, and that the mill was a good mill, and run well in all respects. The justice rejected the offered evidence, and this constitutes the error complained of.

The second clause of § 399, of the Code of 1851, provides that, " When an assignor of a thing in action, or contract, is examined as a witness on behalf of any person deriving title through or from him, the adverse party may offer himself as a witness, to the *same matter,* in his own behalf, and shall be so received."

The design of this section of the Code, is to subject the testimony of an assignor of a thing in action or contract, when it is resorted to on behalf of a person deriving title through or from him, to the contradictions, explanations, or qualifications of the other party to the contract, and not to allow it in cases where it cannot be so met, contradicted, explained or qualified. Thus, if the other party to the contract be the adverse party in the action, he may offer himself as a witness, to the same matter, in his own behalf; and this secures to him the desired mutuality of rights with the other party to the contract. But the assignor shall not be examined in behalf of any person deriving title through or from him, against an *assignee, executor,* or *administrator,* who of course was not a party to the original contract, unless the other party to the contract, or thing in action, is living, and his testimony can be procured for such examination, or, in other words, unless such mutuality can be obtained.

In the case under consideration, Burbank, being the defendant, was not a competent witness in the action generally, but was only permitted to be examined in his own behalf, on the ground that Truman, the plaintiffs' assignor, had been examined on behalf of the plaintiffs, who derived their title through or from him. The occasion which called on Burbank to testify, being the examination of Truman, his testimony should therefore have been limited to the occasion which called for it, and his examination confined to matters which were responsive or relative to the testimony of Truman. This I understand to be the plain

requirement of the Code, when it says, in substance, that when an assignor of a thing in action, or contract, is examined as a witness on behalf of his assignee, the adverse party may offer himself as a witness *to the same matter* upon which the assignor has been examined, in his own behalf. This also appears to be the construction put upon this part of the 399th section of the Code, by the supreme court in the third district.

In the case of *Potter* agt. *Bushnell*, (10 *How. Pr. R.* 96,) HARRIS, Justice, in delivering the opinion of the court, remarked, "that he did not think that in offering himself as a witness, he (the adverse party mentioned in the 399th section,) the defendant, was required to specify the matter to which he proposed to testify." The proper practice is to offer the party as a witness generally. He is to be sworn like other witnesses, to give testimony in the action. Should it be proposed, upon his examination, *to go beyond the matters embraced in the examination of the assignor*, the evidence, upon objection, would be excluded. This is what was done by the justice in the case under consideration. But the counsel for the respondents, on the argument of this appeal, claimed a much more extensive signification for the word *matter*, as used in the Code. He insisted that it meant, "subject of complaint, thing treated of, suit, demand," &c.; and that, as Truman had been examined as a witness in behalf of his assignees in this *suit*, or controversy, Burbank had a right to offer himself as a witness, in his own behalf, in the same *suit*, or controversy. That as the agreement to build the saw-mill, and the performance of that agreement, were both the subjects of controversy, or things treated of in action, they constituted the same matter. Therefore, that as Truman had testified that he made a contract with Burbank to *build* the mill, Burbank was a competent witness to prove, in his own behalf, that he *had* built it. The strangeness and apparent absurdity of such conclusion will be avoided by adhering to the language and true meaning of the Code, and confining the testimony of the adverse party, when offered under the 399th section of the Code, to the subject upon which the assignor may have been examined; and requiring it

to be responsive, or at least relative to that examination.   In this respect the justice did right, and his judgment ought not to have been reversed.

The judgment appealed from is, therefore, erroneous, and must be reversed.